IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SHERMAN CREEK CONDOMINIUMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>Defendant. | Case No. 23-CV-375 |
| MID-CENTURY INSURANCE COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MGW LAW, LLP; RYAN R. GRAFF;<br>CRIVELLO CARLSON, S.C.,<br><br>Third-Party Defendants. | |

**ANSWER OF THIRD-PARTY DEFENDANT, CRIVELLO CARLSON, S.C., TO
AMENDED THIRD-PARTY COMPLAINT**

Third-party defendant, Crivello Carlson, S.C., by its attorneys, von Briesen & Roper, s.c., as and for its answer to the amended third-party complaint of defendant and third-party plaintiff, Mid-Century Insurance Company, alleges as follows:

1. Answering paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9, admits generally the truth of the allegations contained therein.

2. Answering paragraph 10, admits that a lawsuit was filed as alleged therein and that on or about December 22, 2022, as set forth in the email, an agreement was reached to settle, but alleges that the terms of the litigation and of the settlement are those specifically set forth therein, and, to the extent that the allegations of that paragraph vary from, contradict or are inconsistent with the terms of the pleadings or of the settlement agreement in any respect or to any degree whatsoever, deny to that extent and to that extent only, each and every such allegation.

3. Answering paragraph 11, admits generally the truth of the allegations contained therein, but affirmatively alleges that the terms of the Agreement are those specifically set forth therein and, to the extent that the allegations of that paragraph vary from, contradict or are inconsistent with the terms of the Agreement in any respect or to any degree whatsoever, denies to that extent and to that extent only, each and every such allegation.

4. Answering paragraph 12, admits generally the truth of the allegations contained therein, but alleges that the allegations of the complaint are those specifically set forth therein and, to the extent that the allegations of that paragraph vary from, contradict or are inconsistent with the language of the complaint in any respect or to any degree whatsoever, denies to that extent and to that extent only, each and every such allegation.

5. Answering paragraphs 13 and 14, admits generally that the allegations contained therein are contained in the pleadings referred to therein, but alleges that the terms and legal effect of those pleadings are those specifically set forth therein and, to the extent that the allegations contained therein contradict, vary from or are inconsistent with the terms of either pleading in any respect or to any degree whatsoever, denies to that extent and to that extent only, each and every such allegation.

6. Answering paragraph 15, denies any knowledge or information sufficient to form a belief as to whether Graff represents MGW in this action and therefore denies all such allegations.

7. Answering paragraph 16, admits on information and belief the truth of the allegations contained therein.

8. Answering paragraphs 17 and 18, admits generally the truth of the allegations contained therein.

9. Answering paragraph 19, admits the truth of the allegations contained therein.

10. Answering paragraph 20, denies any knowledge or information sufficient to form a belief as to the truth of the allegations as to any findings made by Hartley; further answering said paragraph, admits on information and belief that Mid-Century received and followed an email from the Graff Email Account and through MGW's legitimate mail servers.

11. Answering paragraphs 21, 22, 23, 24, 25, 26, 27 and 28, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

12. Answering paragraph 29, admits on information and belief the truth of the allegations contained therein.

13. Answering paragraphs 30, 31, 32 and 33, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

14. Answering paragraphs 34, 35, 36, 37, 38 and 39, admits on information and belief the truth of the allegations contained therein.

3

15. Answering paragraph 40, denies any knowledge or information sufficient to form a belief as to the accuracy of the Hartley declaration and therefore denies all such allegations.

16. Answering paragraph 41, admits on information and belief the truth of the allegations contained therein.

17. Answering paragraphs 42, 43 and 44, admits the truth of the allegations contained therein.

18. Answering paragraph 45, re-alleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs of this answer.

19. Answering paragraphs 46 and 47, admits the truth of the allegations contained therein.

20. Answering paragraphs 48 and 49, admits on information and belief the truth of the allegations contained therein.

21. Answering paragraphs 50 and 51, admits the truth of the allegations contained therein.

22. Answering paragraph 52, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

23. Answering paragraph 53, admits the truth of the allegations contained therein.

24. Answering paragraph 54, admits on information and belief the truth of the allegations contained therein.

25. Answering paragraph 55, admits generally the truth of the allegations contained therein.

26. Answering paragraph 56, realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs of this answer.

27. Answering paragraph 57, admits that the quoted language is contained within the cited provision of the Supreme Court Rules.

28. Answering paragraphs 58 and 59, admits the truth of the allegations contained therein.

29. Answering paragraph 60, admits on information and belief the truth of the allegations contained therein.

30. Answering paragraph 61, admits that the assertions contained therein are contained in the complaint. Further answering said paragraph, admits on information and belief the truth of the remaining allegations contained therein.

31. Answering paragraphs 62 and 63, admits on information and belief the truth of the allegations contained therein.

32. Answering paragraph 64, realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs of this answer.

33. Answering paragraph 65, admits on information and belief the truth of the allegations contained therein.

34. Answering paragraphs 66 and 67, admits the truth of the allegations contained therein.

35. Answering paragraph 68, realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs of this answer.

36. Answering paragraph 69, admits that the allegations referred to therein were made by MGW and Graff, but denies the truth of those allegations.

37. Answering paragraph 70, admits that the allegations referred to therein were made by MGW but denies the truth of those allegations; further answering said paragraph, admits that Crivello did not notify Mid-Century as set forth therein, but affirmatively alleges that Crivello had no duty to so notify Mid-Century; further answering said paragraph, admits that the W-9 attached to the payment email is Exhibit 7.

38. Answering paragraph 71, admits that MGW made the allegations referred to therein, but denies the truth of the allegations made by MGW; further answering said paragraph, admits that Crivello did not notify Mid-Century as referred to therein but affirmatively alleges that no duty to so notify Mid-Century existed.

39. Answering paragraph 72, admits that the assertions contained therein were made by MGW, but denies the truth of those assertions; further answering said paragraph, admits that Crivello did not compare the W-9s provided by MGW in prior cases but denies that any duty to compare those documents existed.

40. Answering paragraph 73, admits that MGW has made the assertions referred to therein but denies the truth of those assertions; further answering said paragraph, denies that Crivello was on notice of irregularities and should have been on guard of potential fraud; further answering said paragraph, admits that Crivello did not notify Mid-Century of any disclosures referred to therein but affirmatively alleges that no such duty to notify existed.

41. Answering paragraph 74, admits that those allegations have been made, but denies that those allegations are truthful.

42. Answering paragraph 75, denies the truth of the allegations contained therein.

**AFFIRMATIVE DEFENSES**

Now comes this answering third-party defendant, and as and for its first affirmative defense, alleges that, if defendant and third-party plaintiff sustained any injuries or damages as alleged in the amended third-party complaint, such injuries and damages as may have been sustained were caused by intentional misconduct by certain third persons not now parties to this action at the time of and prior to the events involved herein.

As and for a further affirmative defense, alleges that, if defendant and third-party plaintiff sustained any injuries or damages as alleged in the amended third-party complaint, such injuries and damages may have been caused by its own failure to exercise ordinary care for the protection of its own interests and by negligence on the part of other parties to this action.

As and for a further affirmative defense, alleges that, if defendant and third-party plaintiff sustained any injuries or damages as alleged in the amended third-party complaint, third-party plaintiff may have failed to take certain reasonable and practical steps to mitigate any such damages.

WHEREFORE, third-party defendant, Crivello Carlson, S.C., demands judgment, in addition to that demanded in its previous pleadings, dismissing the amended third-party complaint against it on its merits, together with its costs and disbursements herein.

**TRIAL BY A JURY OF TWELVE OF ALL ISSUES
PROPERLY TRIABLE BY A JURY IS HEREBY DEMANDED**

Dated at Milwaukee, Wisconsin, this 20th day of October, 2023.

*s/ Terry E. Johnson*
Terry E. Johnson
State Bar No.: 1016704
*terry.johnson@vonbriesen.com*

**von BRIESEN & ROPER, s.c.**
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: 414-221-6605

*Attorneys for Third-Party Defendant,*
*Crivello Carlson, S.C.*

40299312_1.DOCX